IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY ASHBURN | ) | |
| | ) | |
| v. | ) | No. 2:15-0055 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|     Acting Commissioner of | ) | |
|     Social Security | ) | |

To:    The Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Currently pending is Plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "Motion"), in which Plaintiff requests an award of $4,800.00. (Docket Entry No. 20). Defendant has stated that it has no objection to the amount requested. (Docket Entry No. 22). For the reasons that follow, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket Entry No. 20) be **GRANTED**.

The Equal Access to Justice Act ("EAJA") states that the court,

> shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A claimant who wins a remand of his Social Security appeal may be considered a "prevailing party" regardless of whether benefits are ultimately awarded. Fees awarded pursuant to the EAJA are paid by the Social Security Administration (the "Commissioner"), and therefore do not impact a claimant's future award of benefits. The

application for attorney fees under the EAJA must be filed within thirty (30) days of the date that final judgment is entered by the court. 28 U.S.C. § 2412(d)(1)(B) and (d)(2)(G).

The Court entered an order granting Defendant's motion for remand under sentence four of 42 U.S.C. § 405(g), which reversed the decision of the Commissioner with respect to Plaintiff's application for benefits under the Social Security Act, and remanded the case to the Commissioner for further proceedings. (Docket Entry No. 18). Plaintiff therefore qualifies as a prevailing party under the EAJA. Additionally, the pending Motion was filed within ninety (90) days of the date that final judgment was entered by the Court. (*See* Docket Entry No. 20). Because Defendant has no objection to the pending Motion, the Court finds that the Commissioner has not met its burden of demonstrating that its decision was "substantially justified" under 28 U.S.C. § 2412(d)(1)(A). There is also no evidence to suggest that special circumstances bar a fee award in this case.

The EAJA states the following with respect to the amount of attorney fees awarded to the prevailing party:

> The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff in this case requests a fee award in the amount of $4,800.00, which represents 32 hours of work at an hourly rate of $150.00. (Docket Entry No. 21 at 5). Counsel for Plaintiff includes an itemized report of the alleged time spent in connection with this case. (*See* Docket Entry No. 20 at 4-5). Counsel for Plaintiff also asserts that, accounting for the increase in cost of living as documented in the Consumer Price Index, the prevailing market rate under the EAJA is between $198.00 and $240.00 per hour, which is a much higher rate than that

requested by Plaintiff. (*Id.*).[1] In light of the rise in the cost of living since the enactment of the EAJA statutory rate, as well as Defendant's lack of opposition to the proposed hourly rate and number of hours worked, the Court finds that Plaintiff's requested hourly rate is reasonable, and thus finds that $4,800.00 is a reasonable award for the work performed.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). The undersigned Magistrate Judge therefore respectfully recommends that Plaintiff's motion for attorney fees (Docket Entry No. 21) be **GRANTED** and Defendant be ordered to pay Plaintiff the amount of $4,800.00, less any offset amounts owed to the United States.[2] The check should be sent to and in care of Plaintiff's attorney, as it appears that "Plaintiff has agreed that the attorney fees awarded under EAJA will end up being paid … to his attorney." *Williams v. Colvin*, No. 2:13-00108, 2016 WL 1319722 at *2 (M.D. Tenn. April 5, 2016) (Sharp, C.J.)

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the

---

[1] Plaintiff attaches as an exhibit a database printout documenting the changes in the Consumer Price Index since 1994. (Docket Entry No. 21 at 10).

[2] Counsel for Plaintiff requests that such funds be paid directly to counsel, and not to Plaintiff. (Docket Entry No. 21 at 1-2). That direction is contrary to the very case law cited by counsel for Plaintiff in her brief. *See Ratliff*, 560 U.S. at 593 ("The fact that the [EAJA] statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."); *see also Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009) ("[W]e are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA."). Therefore, the amount awarded must be paid to Plaintiff, and will be subject to the terms of Plaintiff's fee agreement with counsel. (*See* Docket Entry. No. 21 at 7). However, to facilitate compliance with the fee agreement, the undersigned recommends that the check for payment of the awarded fees be sent directly to Plaintiff's attorney.

right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge